UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. ALEXANDER-CAMPOS,<br><br>  Plaintiff,<br><br>  v.<br><br>BENJERMIN REINKE, et al.,<br><br>  Defendants. | Case No. 22-cv-05253-PJH<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, a former detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**LEGAL CLAIMS**

Plaintiff states that defendants violated his rights by assaulting him and then having him arrested.

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification.  *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967*); Yousefian v. City of Glendale*, 779 F.3d 1010, 1014, n.1. (9th Cir.  2015) (absence of probable cause is essential element of § 1983 false arrest claim).  An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that he was at a car dealership when the owner of the dealership attacked him and then held him until police arrived to arrest him.  Plaintiff seeks damages against the dealership owner for the assault and against the police officer for performing

2

an unlawful arrest.

Plaintiff cannot proceed with a claim against the owner of the dealership. Plaintiff has not shown that a federal right was violated or that the owner was acting under color of state law. With respect to the police officer, plaintiff has not presented sufficient allegations that the arrest was without probable cause. The amended complaint is dismissed with leave to amend to provide more information regarding the unlawful arrest claim.

Plaintiff should describe the circumstances that led to his arrest, and why the arrest was not supported by probable cause. He should explain if he was arrested for additional crimes other than attempted carjacking charge. He should also indicate if he was charged by the district attorney. Plaintiff states that the charges were dropped, and he is currently in custody for a probation revocation. He should describe why his probation was revoked and if it relates to this incident. Plaintiff should also be clear if he is alleging both unlawful arrest and excessive force against the police officer defendant. If so, he must describe the actions of the police officer that demonstrate excessive force. Plaintiff's amended complaint was quite brief and did not entirely address the issues raised by the court in the first screening order. Plaintiff should provide additional information in a second amended complaint as discussed above.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend. A second amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed

3

"Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 15, 2023

                                                    */s/ Phyllis J. Hamilton*
                                                    PHYLLIS J. HAMILTON
                                                    United States District Judge