UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. ALEXANDER-CAMPOS,<br><br>Plaintiff,<br><br>v.<br><br>BENJERMIN REINKE, et al.,<br><br>Defendants. | Case No. 22-cv-05253-PJH<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, a former detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend, and plaintiff filed a second amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**LEGAL CLAIMS**

Plaintiff states that he was the victim of excessive force and false arrest.

An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983.  *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support a legally cognizable claim under § 1983).  Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989).

"To determine whether officers used excessive force during an arrest, courts balance 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (quoting *Graham*, 490 U.S. at 396).  In the Ninth Circuit, evaluation of an excessive force claim under *Graham* involves three steps: (1) assessment of the severity of the intrusion on Fourth Amendment rights by evaluating the type and amount of force used; (2) evaluation of the government's interest in the use of force; and (3) balancing the gravity of the intrusion on the individual with the

2

government's need for the intrusion.  *Glenn v. Washington County*, 673 F.3d 864, 872 (9th Cir. 2011).

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification.  *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967*); Yousefian v. City of Glendale*, 779 F.3d 1010, 1014, n.1. (9th Cir. 2015) (absence of probable cause is essential element of § 1983 false arrest claim). An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime.  *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that he was at a car dealership when the owner of the dealership attacked him by hitting him in the head with a pistol and then dropping a tire rim on his head.  The owner then called police which led to plaintiff's arrest.  Plaintiff states that a police officer arrived and arrested him based on false allegations and applied excessive pressure to plaintiff's wrists during handcuffing while plaintiff was nearly unconscious. Plaintiff seeks damages against the dealership owner for the assault and against the police officer for performing an unlawful arrest and excessive force.  The prior complaints were dismissed with leave to amend, and plaintiff has provided some additional information but has not entirely addressed the issues raised by the court.

The owner of the car dealership was previously dismissed with prejudice because plaintiff has not shown that a federal right was violated or that the owner was acting under color of state law.  With respect to the police officer, plaintiff must provide more information regarding the excessive force and how the handcuffing violated his rights.

The Ninth Circuit has long recognized that abusive handcuffing, which involves the wrist, hands and fingers, may constitute a Fourth Amendment violation.  *See, e.g.*, *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir.1993) (denying qualified immunity and holding that the "abusive application of handcuffs" causing pain and bruising was unconstitutional); *see also Luchtel v. Hagemann*, 623 F.3d 975, 989 (9th Cir. 2010) (Beezer, J., concurring in part and dissenting in part) (noting that "the right to be free from excessive force in handcuffing is clearly established in our precedent").  Plaintiff must present allegations that plausibly state a claim for relief.

With respect to the allegations of false arrest, plaintiff simply states that the owner fabricated a false story.  Plaintiff provides no other information regarding the circumstances that led to this incident.  Plaintiff states that he was charged with carjacking, but the charges were dropped.  However, plaintiff's probation was revoked due to the incident, and he was imprisoned for one year and will be released shortly.  However, plaintiff has again not presented sufficient allegations that the arrest was without probable cause.  The second amended complaint is dismissed with leave to amend to provide more information.  Plaintiff should describe why he was at the car dealership and what led to the owner attacking him and specifically why the police officer did not have probable cause for the arrest.  No further amendments will be allowed.  Plaintiff must address the issues raised by the court with specific details.

## CONCLUSION

1. The second amended complaint is **DISMISSED** with leave to amend.  A third amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words THIRD AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.

      2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 11, 2023

                                 /s/ Phyllis J. Hamilton
                                 PHYLLIS J. HAMILTON
                                 United States District Judge